UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIM. ACTION NO. 3:14-cr-0471-B |
| | § | |
| | § | |
| ROBERT E. TOVAR, | § | |
| | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Robert E. Tovar's Motion to Reduce Sentence Re: First Step Act (Section 404) (Doc. 48). Within this motion, Defendant also requests appointment for counsel. In so far as the motion requests appointment of counsel, that motion is hereby **REFERRED** to Magistrate Judge Rebecca Rutherford for hearing, if necessary, and recommendation or determination to this Court. *See* 28 U.S.C. § 636(b). Insofar as Defendant requests his sentence be reduced under § 404, his motion is **DENIED WITHOUT PREJUDICE**, with leave to file other motions that he may deem appropriate.

### I.
### BACKGROUND

On August 4, 2015, Defendant pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(C). Doc. 32, R&R Concerning Plea of Guilty, 1. The Court accepted the guilty plea on August 19, 2015. Doc. 34, Order.

On December 17, 2015, this Court sentenced Defendant to 120 months of imprisonment. Doc. 43, J., 1–2. Defendant is currently being held at Thomson United States Penitentiary (USP), with a projected release date of July 19, 2025.[1]

On July 10, 2020, Defendant filed a motion, with two requested forms of relief. First, Defendant seeks to have his sentence reduced under § 404 of the First Step Act. *See* Doc. 48, Def.'s Mot., 3. Second, Defendant requests that the Court appoint him counsel. *See id.* at 5. Because the Court refers Defendant's request for appointment of counsel, this Order addresses only Defendant's first requested form of relief.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(B), "[a] court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." § 3582 (c)(1)(B).

## III.

## ANALYSIS

First, the Court finds that Defendant is not eligible for a sentence reduction under § 404 of the First Step Act. Thereafter, the Court addresses Defendant's motion to appoint counsel.

A. *Defendant is Not Eligible for a Sentence Reduction Under the First Step Act.*

Defendant seeks a new, lower sentence under § 404 of the First Step Act. Doc. 48, Def.'s Mot.,

---

[1] The Court accessed this information by searching for Robert E. Tovar on the Bureau of Prisons' Inmate Locator, available at https://www.bop.gov/inmateloc/.

3. Section 404 of the First Step Act states:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–120; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir. 2019) (quoting First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, 5222 (2018)).

Thus, § 404 only applies to "violation[s] of a Federal criminal statute . . . committed before August 3, 2010." *Id.* Here, Defendant pleaded guilty to Count 2, *see* J., 1, which alleged a violation of a federal criminal statute "[o]n or about September 27, 2014." Doc. 1, Indictment, 1. Thus, § 404 does not apply to him. *See Hegwood*, 934 F.3d at 416.

B.   *To the Extent that Defendant Requests Appointment of Counsel, that Request is Referred to the Magistrate Judge for Determination.*

Defendant also requests appointment of counsel. That request is referred to the magistrate judge for hearing, if necessary, and recommendation or determination to this Court. *See* 28 U.S.C. § 636(b).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Motion to Reduce Sentence Re: First Step Act (Section 404) (Doc. 48), with leave to file other motions that he may deem appropriate However, to the extent that Defendant requests appointment

of counsel, that request is hereby **REFERRED** to Magistrate Judge Rebecca Rutherford for hearing, if necessary, and recommendation or determination to this Court. *See* 28 U.S.C. § 636(b).

SO ORDERED.

SIGNED: July 17, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE