IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   No. 3:14-cr-00471-B-1 |
| | § |
| ROBERT ERIK TOVAR, | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Robert Erik Tovar's motion (ECF No. 55) for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a specific order of reference (ECF No. 56). For the following reasons, the Court should deny Tovar's motion.

**Background**

Tovar pleaded guilty, pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a), (b)(1)(C). On December 17, 2015, the District Court accepted the Rule 11(c)(1)(C) agreement and sentenced Tovar to 120 months' imprisonment. Tovar did not appeal to the Fifth Circuit Court of Appeals.

On September 26, 2017, the Court received Tovar's motion seeking credit for time served, and the Court construed the filing as a petition under 28 U.S.C. § 2241. Pet. (ECF No. 46). At that time, Tovar was confined at the United States Penitentiary (USP) in Waymart, Pennsylvania. Because this Court lacked

1

jurisdiction over his petition, it transferred the case to the United States District Court for the Middle District of Pennsylvania. Ord. (ECF No. 47) (citing *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) (holding that a defendant must bring a § 2241 petition in the district where he is incarcerated)).[1]

On July 10, 2020, the Court received Tovar's motion for a sentence reduction under Section 404 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Mot. (ECF No. 48). On July 17, 2020, the District Court denied Tovar's motion without prejudice on the basis that he was not eligible for a sentence reduction under the FSA. Mem. Op. (ECF No. 49). The District Court noted that Tovar requested appointed counsel, and the matter was referred under § 636(b) to the undersigned magistrate judge for a hearing, if necessary, and a recommendation or determination to the District Court. *Id.* On July 24, 2020, the undersigned magistrate judge appointed counsel to assist Tovar. Ord. (ECF Nos. 50, 51).

On October 20, 2020, Tovar, through appointed counsel, filed his motion seeking a sentence reduction under § 3582(c)(1)(A). Mot. (ECF No. 55). Tovar moves for this Court to reduce his sentence from 120 months to time served. *Id.* 19. Tovar claims that if he is released, he has a re-entry plan. Supp. 4 (ECF No. 57). Specifically, he will live with his brother in Fort Worth, Texas, and he wants to reconnect with his daughter, Eileen. *Id.* Tovar also wants to get a job so that he can

---

[1] At this time, Tovar has not filed a motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. *See* Mot. 3 (ECF No. 55).

2

help provide for his daughter Eileen going forward. *Id*. Tovar's parents are still in the community, and they are willing to assist him with rebuilding his life. *Id*.

On April 8, 2021, Tovar moved to supplement (ECF No. 57) his motion for a sentence reduction under § 3582(c)(1)(A), as amended by the FSA, in light of the Fifth Circuit's recent decision in *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021). In *Shkambi*, the Fifth Circuit held that a district court considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) is not bound by "the old pre-FSA policy statement," U.S.S.G. § 1B1.13. *Id*. at 392. Rather, a district court is bound only by § 3582(c)(1)(A)(i) and the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 393. Thereafter, on April 19, 2021, the Court granted Tovar's motion to supplement. Ord. (ECF No. 58). The Government did not file a response.

## Legal Standards and Analysis

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018:

> A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction."

*United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Shkambi*, 993 F.3d at 391 (citations, quotation marks, and alterations omitted).

Prior to the passage of the FSA, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.4 However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[ ] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently

4

'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating an inmate's motion in light of *Shkambi's* holding).

### 1. Exhaustion

As a preliminary matter, Tovar argues that he has properly exhausted his administrative remedies under § 3582(c)(1)(A). Mot. 15 (ECF No. 55). He contends that he submitted a request to the Warden at his facility to permit him to be released from custody due to COVID-19 related concerns. *Id*. Tovar asserts that he submitted his request to the Warden via email on September 16, 2020, but as of October 20, 2020, when he filed his motion in this Court, the Warden had not acted on it. *Id*. Tovar further argues that because 30 days has elapsed since he submitted his request, his motion is properly filed at this time under the clear language of § 3582(c)(1)(A) and binding Fifth Circuit precedent, such as *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020). Mot. 15 (ECF No. 55). In *Franco*, the Fifth Circuit held that "a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with the [BOP]." 973 F.3d at 468 (quoting § 3582(c)).

In support of his motion, Tovar provided a copy of an email he sent to the Warden of his BOP prison facility, USP Thomson in Thomson, Illinois, on September 16, 2020. *See* Exh. (ECF No. 55-1). Tovar represents that as of the date his motion was filed in this Court, October 20, 2020, he had not received any

5

response from the Warden. *Id.* Because 30 days have elapsed between the date he sent the email to the Warden and the date he filed his motion in this Court, the Court may assume that Tovar properly exhausted his administrative remedies under § 3583(c)(1)(A) and proceed to the merits of Tovar's motion for compassionate release under § 3582(c)(1)(A)(i).

**2. Merits**

### a. COVID-19

Tovar initially argues that he should be released because of the increased dangers posed by the COVID-19 pandemic. Mot. 5-12 (ECF No. 55). However, Tovar has not shown that he suffers from any medical conditions that somehow put him at greater risk of suffering a severe case of COVID-19. *See United States v. Moreno*, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (holding that alleged medical conditions do not "rise to the level of extraordinary and compelling" where there are "no medical records to substantiate any of the conditions" alleged). Tovar's general fear of contracting COVID-19 in prison falls short of demonstrating that he is entitled to release. *See Thompson*, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."); *United States v. Williams*, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) ("[G]eneralized concerns about the spread of COVID-19 at [the defendant's] facility do not give rise to extraordinary and compelling reasons for release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (""[T]he mere existence of COVID-19 in society

and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

### b. Sentencing Guidelines

Next, Tovar argues that he has demonstrated "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) based on a change in the law. Mot. 15-18 (ECF No. 55). Specifically, Tovar contends that he is serving a sentence based on an abandoned interpretation of the sentencing guidelines that is effectively keeping him in prison for years longer than if he had been sentenced under the new law. *Id.* 15.

Tovar's Presentence Report (PSR) provided that the advisory guideline range would be 151 to 188 months' imprisonment, based on the application of the career offender enhancement under U.S.S.G. § 4B1.1(b) *Id.* 1-2. The enhancement applied because Tovar had two prior convictions for burglary of a habitation, which the PSR classified as "crimes of violence." *Id.* 2. The enhancement raised Tovar's offense level by 14 levels. *Id.* If the enhancement had not applied, the base offense level would have been 18, and it would have resulted in a guideline range of 41-51 months. *Id.* On December 17, 2015, the Court accepted Tovar's Rule 11(c)(1)(C) plea agreement and sentenced him to the agreed-upon 120 months' imprisonment. J. 2 (ECF No. 43). Tovar contends that, on August 1, 2016, the United States Sentencing Commission enacted changes to the career offender enhancement based on crimes of violence. Mot. 2 (ECF No. 55). These changes eliminated any crime similar to burglary of a dwelling as a predicate offense for application of the

7

career offender enhancement under U.S.S.G. § 4B1.1(b), and removed the "residual clause," previously defined at U.S.S.G. § 4B1.2(a)(2). *Id.* 3. Tovar argues that these changes included the Texas crime of burglary of a habitation, for which he had previously been convicted. *Id.* Tovar further argues that if he had been sentenced just eight months later—on or after August 1, 2016, the Court could not have used his burglary convictions as the predicate offenses necessary for application of the career offender enhancement, and his guideline range would have been only 41 to 51 months. *Id.* Tovar concludes that at the time his motion under § 3582(c)(1)(A)(i) was filed, on October 20, 2020, he had served 68 months and had earned 9 months of "good time credit" for a total of 77 months of credit. *Id.* 4, 15-16. Tovar claims that the changes enacted by the United States Sentencing Commission provide an extraordinary and compelling reason to grant him a reduction in his sentence. *Id.* 16.

Tovar's argument fails because the sentencing guidelines are not mandatory. *United States v. Booker*, 543 U.S. 220 (2005); *see also United States v. Gozes-Wagner*, 977 F.3d 323, 339 (5th Cir. 2020) (citing *Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam)). Therefore, even if Tovar's advisory guideline range was higher before the guidelines were amended on August 1, 2016, he has failed to demonstrate that the District Court would not have imposed the same sentence of 120 months' imprisonment. Moreover, the Court sentenced Tovar pursuant to a Rule 11(c)(1)(C) plea agreement and imposed the agreed-upon sentence of 120 months' imprisonment. Consequently, Tovar's argument that the

8

amendments to the guidelines constitute extraordinary and compelling reasons must fail.

### c. Section 3553(a) Factors

Last, Tovar argues that a reduction in his sentence is consistent with the guidelines and the § 3553(a) factors. *Id.* 18-19. He claims that the danger of the spread of the COVID-19 virus implicates his health and the ability of the BOP to care for him as set forth in § 3553(a)(2)(D). *Id.* 18. Tovar argues that the remaining § 3553(a) factors point toward a sentence less than he is presently serving. *Id.* He contends that he has long since served what the current guidelines would consider an appropriate sentence for his crime, a proper consideration under § 3553(a)(4)(A). *Id.* Tovar concedes that drug dealing is a serious offense, but he argues the seriousness of his offense under § 3553(a)(2)(A) is "wildly overstated" because the drug value was approximately $800, an amount more properly handled in state court. *Id.* 18-19. Tovar argues that the need for deterrence has been well served by the time he has already served, an effective upward departure of four levels that satisfied § 3553(a)(2)(C). *Id.* 19. Further, Tovar argues that his extensive prison sentence has kept him out of society and protected the community from future crimes for longer than would be required under the guidelines, which satisfies § 3553(a)(2)(C). *Id.* Under § 3553(a)(6), Tovar argues that his sentence should be reduced to time served because his case is not such an extreme case that it falls outside those cases where a heartland sentence would be appropriate. *Id.*

Even if Tovar demonstrated extraordinary and compelling reasons, the Court should find the § 3553(a) factors weigh against a sentence reduction in his case. *See Chambliss*, 948 F.3d at 693 (affirming denial of compassionate release based on § 3553(a) factors where the defendant was terminally ill and eligible for compassionate release). Tovar pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a), (b)(1)(C), a serious drug offense. At sentencing, he was held accountable for the following: (1) 0.9 grams of marijuana, 3.4 grams of cocaine, and 6.72 grams of marijuana, each delivered on September 20, 2014; (2) 5.65 grams of methamphetamine, delivered on September 27, 2014; (3) 9.46 grams of methamphetamine, delivered on October 11, 2014; (4) an additional 9.46 grams of methamphetamine, which Tovar agreed to deliver by October 17, 2014. PSR ¶ 24. In total, Tovar was held responsible for the equivalent of 49.83 kilograms of marijuana. PSR ¶¶ 26, 33. Consistent with the serious nature of Tovar's criminal conduct, the District Court imposed a sentence of 120 months' imprisonment.[2] Based on Tovar's criminal conduct, the Court should find that there is a need to "provide just punishment for the offense," and there is also a need to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1)(2). Tovar's anticipated release date is not until

---

[2] Tovar received the benefit of a Fed. R. Crim. P. 11(c)(1)(C) agreement in which he agreed that the appropriate sentence is 120 months of imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C) ("If the defendant pleads guilty . . ., the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence . . . is the appropriate disposition of the case[.]").

August 15, 2025. *See* https://www.bop.gov/inmateloc/ (last visited May 20, 2021). Compassionate release is not appropriate here because it is generally granted only for defendants "who had already served the lion's share of their sentences." *Thompson*, 984 F.3d at 434; *see also United States v. Thompson*, 2021 WL 1966847, at *4 (N. D. Tex. May 17, 2021). Moreover, requiring Tovar to serve this sentence and declining to reduce it is necessary "to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). Accordingly, the § 3553(a) sentencing factors weigh against Tovar's release. *See United States v. Carrera*, 2021 WL 1966848, at *3 (N.D. Tex. May 17, 2021) (denying compassionate relief where the § 3553(a) factors weighed against release); *see also United States v. Jones*, 980 F.3d 1098, 1102-03 (6th Cir. 2020) (affirming denial on the § 3553(a) factors after the district court assumed that the defendant, who was over 40, obese, and had tuberculosis, presented an extraordinary and compelling reason for release); *United States v. Pawlowski*, 967 F3d 327, 328-29, 331 (3d Cir. 2020) (affirming denial on § 3553(a) factors after the government conceded that the defendant, who had heart disease, chronic obstructive pulmonary disease (COPD), dyspnea, and only one lung, presented extraordinary and compelling reasons for release in light of COVID).

Under *Shkambi*, this Court is now empowered to go beyond the specific criteria in § 1B1.13, but as the Fifth Circuit Court of Appeals has noted, "compassionate release is discretionary, not mandatory." *Chambliss*, 948 F.3d at 693. In exercising its discretion and after weighing the sentencing factors set forth in § 3553(a), the Court should deny Tovar's motion for compassionate release.

## Recommendation

For the reasons stated, the Court should DENY Defendant Robert Erik Tovar's Motion (ECF No. 55).

Signed June 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).